JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR16-5110RJB |
| Plaintiff, | ) ) | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| v. | ) ) ) | |
| DAVID TIPPENS, | ) ) | *[Oral Argument Requested]* |
| Defendant. | ) ) ) | **NOTED: September 30, 2016** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR15-387RJB |
| Plaintiff, | ) ) | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| v. | ) ) ) | |
| GERALD LESAN, | ) ) | *[Oral Argument Requested]* |
| Defendant. | ) ) ) | **NOTED: September 30, 2016** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR15-274RJB |
| Plaintiff, | ) ) | **MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| v. | ) ) ) | |
| BRUCE LORENTE, | ) ) | *[Oral Argument Requested]* |
| Defendant. | ) ) ) | **NOTED: September 30, 2016** |

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
Tacoma, WA 98402
**(253) 593-6710**

## I.  INTRODUCTION

Defendants David Tippens, Gerald Lesan and Bruce Lorente, through their attorneys, respectfully move the Court pursuant to Fed. R. Crim. P. 16(d) for an Order compelling discovery material to their pending Motions to Dismiss the Indictment (dkt. 32) and Motions to Suppress (dkt. 35).  This motion is supported by the following memorandum of law, as well as the accompanying certification of defense counsel in compliance with Local Rule CrR 16(i).

The trials are now scheduled for January 23, 2017, with a new pretrial motion deadline of December 16, 2016.

## II.  BACKGROUND AND FACTS

On September 12 and 20, 2016, the parties requested the following discovery from the Government:

**1.**  All records related to the Government's review and approval of Operation Pacifier.

The defense has offered to examine these particular records pursuant to a protective order limiting review to defense counsel and the Court.

The Department of Justice's internal procedures and guidelines require a special review and approval process for undercover online investigations.  Discovery of the records related to this process will likely confirm the Government's knowledge that it was not authorized to seek worldwide NIT warrants, an issue directly relevant to the defendants' Motion to Suppress and any claim by the Government that it acted in "good faith."  In addition, the process leading to the Government's decision to ignore the law prohibiting distribution of child pornography from the Playpen site is relevant to the defendants' pending Motions to Dismiss the Indictment based on outrageous conduct.

**2**.  Copies of any reports made to the National Center for Missing and Exploited Children (NCMEC) regarding child pornography posted on the Playpen web site.

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

**3.** Copies of any notifications that were sent to victims by the Government for obtaining restitution related to images that were posted on, or distributed from, the Playpen web site.

Items 2 and 3 also relate to the Motion to Dismiss, since they are likely to yield additional evidence that the FBI made no effort to track or contain the child pornography that was posted on its site and that it has made little or no effort to meet its victim notification and restitution obligations. This information is also relevant to any restitution claims the Government may seek to level against the defendants, in terms of the Government's potential joint liability for restitution and the equities of any restitution amounts claimed by the Government.

**4**. The number of new images and videos (*i.e.* content not previously identified by NCMEC) that was posted on the site between February 20, 2015 and March 5, 2015.

Item 4 is likely to reveal evidence that the FBI's operation of Playpen resulted in the posting and distribution of new child pornography, a particularly egregious consequence of its decision to keep the site not only fully functional but also encourage and increase visitor traffic to Playpen.

**5.** The names of all agents, contractors or other personnel who assisted with relocating, maintaining and operating Playpen while it was under Government control.

**6.** Copies of all notes, emails, reports, postings, etc. related to the maintenance, administration and operation of Playpen between February 20, 2015 and March 5, 2015.

Items 5 and 6 are needed by the defense to identify potential witnesses for an evidentiary hearing (if granted) on the FBI's operation of Playpen. Further, this discovery relates to the FBI's efforts to improve and expand the site's distribution capabilities, an issue material to the pending outrageous governmental conduct issues. *See* dkt. 32 and exh. A, attached hereto (copy of dkt. 40, evidencing the FBI's efforts to improve Playpen's performance and attract new postings).

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

**7.** Copies of all legal memoranda, emails and other documents related to the legality of the FBI's operation of Playpen (and the distribution of child pornography by the Government), including requests for agency/departmental approvals of the undercover operation of Playpen and any communications with "Main Justice" or the Office of General Counsel at the FBI.

This discovery request is material to further establishing that the Government's violation of Fed. R. Crim. P. 41 was deliberate and, consequently, requiring suppression under *United States v. Weiland*, 420 F.3d 1062 (9th Cir 2005)).

This request is also material to rebutting any claim by the Government that the Court should excuse its jurisdictional and Fourth Amendment violations under the "good faith" exception to the exclusionary rule. *See, e.g., United States v. Croghan*, 2016 WL 4992105 at * 8 (D. Iowa Sept. 19, 2016) (suppressing all fruits of an NIT search and finding that "law enforcement was sufficiently experienced, and that there existed adequate case law casting doubt on magisterial authority to issue precisely this type of NIT Warrant, that the good faith exception is inapplicable.").

**8**. Copies of all correspondence, referrals and other records indicating whether the exploit used in the Playpen operation has been submitted by the FBI or any other agency to the White House's Vulnerability Equities Process (VEP) and what, if any, decision was made by the VEP.

This request is material because federal agencies are required to submit information about computer security vulnerabilities and the use of malware for investigatory purposes for VEP review and approval to ensure that use of the malware complies with all applicable laws and does not pose substantial risks to the public. *See generally* Electronic Privacy Information Center, *Vulnerability Equities Process,* available at: https://epic.org/privacy/cybersecurity/vep/default.html; *see also United States v. Michaud*, CR15-05351RJB, dkt. 195 (Mozilla's Motion to Intervene) ("The

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

information contained in the Declaration[s] of Special Agent Alfin suggests that the Government exploited the very type of vulnerability that would allow third parties to obtain total control an unsuspecting user's computer.")

**9.** Copies of invoices and other documents for the hosting facility/facilities where the Government operated the Playpen server, the server from which the Government delivered the NIT malware and the server that NIT targets sent their identifying information back to, including documents revealing whether the Government informed the hosting provider(s) that child pornography would be stored in their facility or transmitted over their networks.

This discovery is also material to the pending Motion to Dismiss and to rebut a claim of "good faith," because it is likely to further establish that the FBI violated the law by distributing child pornography and reveal the full extent of this illegality, including the FBI's failure to notify innocent third parties and Internet service providers that they were being placed in possession of contraband or helping to distribute it.

**10**. The number of Playpen-related investigations that have been initiated but did not result in criminal charges, beyond the approximately 200 cases now pending across the country.

**11**. The total number of IP addresses and MAC IDs that were seized during the time the FBI was operating Playpen, over and above those related to these approximately 200 pending cases.

Items 9 and 10 are material to the defendants' pending Motions to Suppress, in particular to help establish that the FBI misrepresented in the NIT warrant application the likelihood that visitors to Playpen were intentionally seeking to download or distribute child pornography and the ability of the NIT to accurately identify legitimate targets.

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 5

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

12. The number of IP addresses and MAC IDs obtained during the investigation from foreign computers and the countries in which this data was obtained.

This final category of information is relevant to determining the extent to which the FBI violated foreign law and U.S. treaty obligations by deploying malware and distributing child pornography overseas. This information also is relevant to determining the legality of the NIT warrant itself, which appears to have been issued in violation of foreign laws and United States's international legal obligations.

The Government has declined to provide any of the requested information.

### III.   UNDER THE CONTROLLING NINTH CIRCUIT LAW, THE DEFENSE IS ENTITLED TO THIS DISCOVERY.

On September 16, 2016, the Ninth Circuit issued a new opinion on the scope of discovery required under Fed. R. Crim. P. 16 and that decision supports disclosure of the records and information sought by this motion. In *United States v. Soto-Zuniga*, 2016 WL 4932319 (9th Cir. Sept. 16, 2016), the Court of Appeals reversed the defendant's conviction for drug trafficking because the district court had abused its discretion by failing to order discovery of records and reports that were material to potential pre-trial motions and defenses at trial.

The defendant in *Soto-Zuniga* was arrested and charged after the police stopped his car at an immigration check point and found drugs. *Id*. at * 2. The defense wanted to determine whether the police had complied with the requirements for a constitutionally permissible check point by reviewing the check point's stop and arrest statistics. *Id*. at * 5. The defendant also sought law enforcement records related to several third parties who may have been responsible for placing drugs in his vehicle. *Id*. at * 8. The district court denied these discovery requests, finding that they were unlikely to lead to admissible evidence and that granting the requests would needlessly prolong the case. *Id*. at * 7.

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1  The Ninth Circuit reversed and remanded with instructions to grant the
2 defendant's discovery motions.  The court also ordered the trial court to allow the
3 Government "a window of time" to propose protective measures for any sensitive
4 information and to determine whether it would prefer to dismiss the case rather than
5 comply with the disclosure order.  *Id*. at * 8.
6  In reaching this conclusion, the court emphasized that defendants have a right to
7 all discovery that is "material to preparing the defense" under Fed. R. Crim. P 16.  *Id*.
8 16(a)(1)(E).
9  Further, "[m]ateriality is a 'low threshold; it is satisfied so long as the
10 information. . .would have helped to prepare a defense." *Id.*, citing *United States v.*
11 *Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).  The court also explained that it
12 does not matter whether the discovery consists of evidence that would be admissible at
13 trial.  All the defense need show is that it may assist in developing pre-trial motions or
14 lead to admissible evidence.  *Id.*  Indeed, as this Court has also recognized, discovery
15 "is material even if it simply causes a defendant to completely abandon a planned
16 defense and take an entirely different path." *Id*.
17  Given this law, and the relevance of the discovery sought in this case, the
18 defendants respectfully request that the Court order the Government to provide that
19 discovery.
20  The defense has no objection to the Court's issuance of an appropriate protective
21 order for any discovery for which it finds that the Government has legitimate concerns
22 about public disclosure or to address any legitimate claims of privilege.
23 ///
24 ///
25 ///
26 ///

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 7

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

### IV.  CONCLUSION

For the reasons stated above, the Court should grant the Motion to Compel Discovery.

DATED this 22nd day of September, 2016.

                                         Respectfully submitted,

                                         s/ *Colin Fieman*
                                         Attorney for David Tippens

                                         s/ *Robert Goldsmith*
                                         Attorney for Gerald Lesan

                                         s/ *Mohammad Hamoudi*
                                         Attorney for Bruce Lorente

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 8

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered with the CM/ECF system.

                s/ *Amy Strickling, Paralegal*
                Federal Public Defender Office

MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 9

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**