UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-05110-RJB |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEFENDANTS' MOTION** |
| | ) | **TO COMPEL DISCOVERY** |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID TIPPENS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:15-cr-00387-RJB |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEFENDANTS' MOTION** |
| | ) | **TO COMPEL DISCOVERY** |
| v. | ) | |
| | ) | |
| | ) | |
| GERALD LESAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:15-cr-00274-RJB |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEFENDANTS' MOTION** |
| | ) | **TO COMPEL DISCOVERY** |
| v. | ) | |
| | ) | |
| | ) | |
| BRUCE LORENTE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER comes before the Court on Defendants' Motions to Compel Discovery. Dkt. 54.[1] The Court has considered the motions, the Government's Response (Dkt. 73), Defendants' Reply (Dkt. 78) and the remainder of the file herein.

The Court is cognizant of the time sensitivity of this discovery, which may inform pending motions to be addressed at the October 31, 2016 hearing. The Government should disclose discovery compelled by this order accordingly. When the Government provides discovery, the Court is willing to consider necessary protective measures.

The Court will soon issue a ruling on discovery requests ##1, 7, and 8, which will now be taken under advisement.

Concerning discovery requests ##2-6 and 9-12, Defendants have made a sufficient showing of materiality under Fed.R.Cr.P. 16(a)(1)(E). The discovery requested is material to Defendants' pending motions to dismiss for outrageous conduct (Dkt. 32). Defendants' motions argue that the government search and seizure is unconstitutional. Defendants contend that the conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013). The discovery requested, whether or not admissible evidence at trial, is material to Defendants' constitutional challenge and is therefore discoverable. *United States v. Soto-Zuniga*, __F.3d__ 2016 4932319 at *8 (9th Cir. 2016).

The Government's argument to the contrary, that the requested discovery has "no bearing on the legal test governing claims of outrageousness," Dkt. 73 at 4, is unpersuasive. In *Black*, 733 at 303, the Ninth Circuit articulated six factors to guide the outrageousness inquiry. The *Black* factors, which are non-exhaustive and non-binding, can be reduced to two basic questions: (1) What did the government do? and (2) How did the government's acts affect, and

---

[1] Docket numbers refer to *USA v. Tippens*, Case No. 3:16-cr-05110-RJB, but the parties filed identical motions and responsive briefing in all three cases. *See United States v. Lesan*, Case No. 3:15-cr-00387-RJB (Dkts. 100, 120, 125), *United States v. Lorente*, Case No. 3:15-cr-00274-RJB (Dkts. 113, 137, 142). This order pertains to the pending motions to compel in all three cases.

apply to, the defendant? Defendants' pending motions to dismiss are aimed at the first inquiry. Defendants want to know the details of what the Government did—or did not do. Regardless of whether Defendants' motions will be denied or granted, the motions appear to have been brought in good faith. Defendants should have reasonable access to discovery material to their motions, especially because the motions raise constitutional questions.

* * *

THEREFORE, Defendants' motions are GRANTED IN PART as follows:

1. **All records related to the Government's review and approval of Operation Pacifier.**

    The Court has taken this discovery request under advisement. An order is soon forthcoming.

2. **Copies of any reports made to the National Center for Missing and Exploited Children (NCMEC) regarding child pornography posted on the Playpen web site.**

    Defendants' motions are granted.

3. **Copies of any notifications that were sent to victims by the Government for obtaining restitution related to images that were posted on, or distributed from, the Playpen web site.**

    Defendants' motions are granted.

4. **The number of new images and videos (*i.e.* content not previously identified by NCMEC) that was posted on the site between February 20, 2015 and March 5, 2015.**

    Defendants' motions are granted.

5. **The names of all agents, contractors or other personnel who assisted with relocating, maintaining and operating Playpen while it was under Government control.**

    Defendants' motions are granted.

6. **Copies of all notes, emails, reports, postings, etc. related to the maintenance, administration and operation of Playpen between February 20, 2015 and March 5, 2015.**

    Defendants' motions are granted.

7. **Copies of all legal memoranda, emails and other documents related to the legality of the FBI's operation of Playpen (and the distribution of child pornography by the**

**Government), including requests for agency/departmental approvals of the undercover operation of Playpen and any communications with Main Justice or the Office of General Counsel at the FBI.**

The Court has taken this discovery request under advisement. An order is soon forthcoming.

**8. Copies of all correspondence, referrals and other records indicating whether the exploit used in the Playpen operation has been submitted by the FBI or any other agency to the White House's Vulnerability Equities Process (VEP) and what, if any, decision was made by the VEP.**

The Court has taken this discovery request under advisement. An order is soon forthcoming.

**9. Copies of invoices and other documents for the hosting facility/facilities where the Government operated the Playpen server, the server from which the Government delivered the NIT malware and the server that NIT targets sent their identifying information back to, including documents revealing whether the Government informed the hosting provider(s) that child pornography would be stored in their facility or transmitted over their networks.**

Defendants' motions are granted. To the extent that the Playpen hosting provider was the Government, not a private party, it appears there may not be much discovery responsive to this request.

**10. The number of Playpen-related investigations that have been initiated but did not result in criminal charges, beyond the approximately 200 cases now pending across the country.**

Defendants' motions are granted.

**11. The total number of IP addresses and MAC IDs that were seized during the time the FBI was operating Playpen, over and above those related to these approximately 200 pending cases.**

Defendants' motions are granted.

**12. The number of IP addresses and MAC IDs obtained during the investigation from foreign computers and the countries in which this data was obtained.**

Defendants' motions are granted.

1     It is so ORDERED.

2

3     Dated this 20th day of October, 2016.

*(signature)*

ROBERT J. BRYAN
United States District Judge