1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7 UNITED STATES OF AMERICA,        )  No.  3:16-cr-05110-RJB

)

8         Plaintiff,    )  **SECOND ORDER ON DEFENDANTS'**

)  **MOTION TO COMPEL DISCOVERY**

9       v.       )

)

10            )

DAVID TIPPENS,        )

11            )

      Defendant.    )

12 _____)

13 UNITED STATES OF AMERICA,        )  No.  3:15-cr-00387-RJB

)

14         Plaintiff,    )  **SECOND ORDER ON DEFENDANTS'**

)  **MOTION TO COMPEL DISCOVERY**

15       v.       )

)

16            )

GERALD LESAN,         )

17            )

      Defendant.    )

18 _____)

19 UNITED STATES OF AMERICA,        )  No.  3:15-cr-00274-RJB

)

20         Plaintiff,    )  **SECOND ORDER ON DEFENDANTS'**

)  **MOTION TO COMPEL DISCOVERY**

21       v.       )

22            )

)

23 BRUCE LORENTE,        )

)

24       Defendant.    )

_____)

25

26

SECOND ORDER ON DEFENDANTS'
MOTIONS TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 1

1    THIS MATTER comes before the Court on Defendants' Motion to Compel Discovery.

2  Dkt. 54.[1]  The Court has considered the motion, the Government's Response (Dkt. 73),

3  Defendants' Reply (Dkt. 78) and the remainder of the file herein. The Court previously ruled

4  on discovery requests ##2-6 and 9-12. Dkt. 80. This order addresses the remaining discovery

5  requests ##1, 7, and 8.

6    The difficult question before the Court is whether the Government should be shielded

7  from providing discovery responsive to requests ##1, 7, and 8. The Government relies on

8  Fed.R.Crim.P. 16(a)(2) (##1 and 7), invokes several privileges (##1 and 7), and requests an *ex*

9  *parte* and *in camera* hearing to review classified information (#8). The Court assumes that the

10  Government has disclosed exculpatory discovery required under *Brady* and its progeny, and

11  that any potential discovery requested by ##1, 7, and 8 is confined to the parties' disagreement

12  about the scope of Rule 16.

13  **1.   All records related to the Government's review and approval of Operation Pacifier.**

14    This is a blanket request that amounts to a fishing expedition and is overbroad.

15  Defendants' motions should be denied as to this discovery request.

16  **7.   Copies of all legal memoranda, emails and other documents related to the legality of
17       the FBI's operation of Playpen (and the distribution of child pornography by the
        Government), including requests for agency/departmental approvals of the
18       undercover operation of Playpen and any communications with Main Justice or the
        Office of General Counsel at the FBI.**

19

20    This discovery requests seeks documents "related to the legality of the FBI's operation

21  of Playpen," which is another way of requesting documents made by an attorney for the

22  government. Fed.R.Crim.P. 16(a)(2) excepts the Government from the obligation to disclose

23  "internal government documents made by an attorney for the government  . . . in connection

24  _____

25  [1] Docket numbers refer to *USA v. Tippens*, Case No. 3:16-cr-05110-RJB, but the parties filed identical motions
    and responsive briefing in all three cases. *See United States v. Lesan*, Case No. 3:15-cr-00387-RJB (Dkts. 100,
    120, 125), *United States v. Lorente*, Case No. 3:15-cr-00274-RJB (Dkts. 113, 137, 142). This order pertains to the
26  pending motions to compel in all three cases.

SECOND ORDER ON DEFENDANTS'
MOTIONS TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 2

with investigating or prosecuting the case." The discovery request falls under this exception.

Defendants' motions should be denied as to this discovery request.

**8.  Copies of all correspondence, referrals and other records indicating whether the exploit used in the Playpen operation has been submitted by the FBI or any other agency to the White House's Vulnerability Equities Process (VEP) and what, if any, decision was made by the VEP.**

Defendants argue that this discovery request is material "because federal agencies are required to submit information about computer security vulnerabilities . . . for VEP review and approval to ensure that use of the malware complies with all applicable laws and does not pose substantial risks to the public." Dkt. 54 at 4.

The Government argues that the requested discovery is not material, and that to the extent the discovery exists, it is classified. The Government also requests an *ex parte* and *in camera* hearing. Dkt. 73 at 9.

Defendants' discovery request is overbroad and again runs afoul of Fed.R.Crim.P. 16(a)(2). However, the request seeks discovery material to Defendants' motion to dismiss for outrageous conduct. To avoid another round of discovery briefing that could delay trial or the resolution of other motions, the Court should narrow the scope of the request. The Government should inform Defendants and the Court in a brief memorandum or similar format two issues: (1) whether the "exploit used in the Playpen operation . . . [was] submitted . . . to the [VEP]," and (2) the decision or outcome, if any, made by the VEP. If answering these two simple questions requires the Government to reveal classified information, the Government may make a showing to persuade the Court of proposed limitations.

THEREFORE, Defendants' Motions to Compel Discovery (Dkt. 54) are DENIED as to discovery requests #1 and #7 and GRANTED IN PART and DENIED IN PART as to discovery request #8. The Government's memorandum on discovery request #8 must be filed by **Friday, October 28, 2016** and is limited to five pages.

It is so ordered.

SECOND ORDER ON DEFENDANTS'
MOTIONS TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 3

1    DONE  this 24th day of  October, 2016.

2

3

4    ROBERT J. BRYAN
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND ORDER ON DEFENDANTS'
MOTIONS TO COMPEL DISCOVERY
(*United States v Tippens, et al.*) - 4