UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:16-cr-05110-RJB |
| Plaintiff, | ) ) ) | **ORDER DENYING SECOND MOTION TO COMPEL DISCOVERY** |
| v. | ) ) | |
| DAVID TIPPENS, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:15-cr-00387-RJB |
| Plaintiff, | ) ) ) | **ORDER DENYING SECOND MOTION TO COMPEL DISCOVERY** |
| v. | ) ) | |
| GERALD LESAN, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:15-cr-00274-RJB |
| Plaintiff, | ) ) ) | **ORDER DENYING SECOND MOTION TO COMPEL DISCOVERY** |
| v. | ) ) | |
| BRUCE LORENTE, | ) ) ) | |
| Defendant. | ) ) | |

ORDER
(*United States v. Tippens, et al.*) - 1

1    This matter comes before the court on the defendants' Second Motion to Compel
2 Discovery.  The court is familiar with the records and files herein and the documents filed in
3 support of and in opposition to the motion.  Oral argument is not required to resolve this
4 motion.
5    Defendants request that the Court compel the Government to provide the following
6 discovery:
7    (1)   Disclosure as to whether the vulnerability patched by Mozilla Firefox on or
8 about November 29, 2016, is related to the NIT code;
9    (2) Disclosure, if applicable, of the date that the Government or its agent learned that
10 the NIT code was available to parties other than the FBI; and
11    (3)   A substitute summary "of evidence presented to the court *ex parte*.
12 Dkt. 108 at 4.
13    Defendants' request is based on technology security blogs, which describe a "patch"
14 update of the Mozilla Firefox browser on November 29, 2016, issued to protect against a
15 particular vulnerability.  Defendants speculate that this patch may have eliminated the
16 vulnerability exploited by the NIT code, thus eliminating the Government's interest in not
17 disclosing the code. Dkt. 108.
18    Even if Defendants are correct—that the vulnerability exploited by the NIT code has
19 been patched—the Court remains unconvinced that this fact would be a sufficient a basis to
20 require the Government to disclose the NIT code, because the NIT code's classified status
21 would remain.  The requested disclosures implicate classified information. The disclosures
22 should not be compelled.
23    Furthermore, whether or not the Court might disagree with the NIT code's
24 classification, it lacks the authority to re-classify a designation made by the Executive Branch.
25    The motion, which is in the nature of a motion for reconsideration, should be denied
26 because the alleged new facts, which could not have been brought to the court's attention

ORDER
(*United States v. Tippens, et al.*) - 2

1 earlier with reasonable diligence, are not facts that would justify a change in the court's
2 previous orders.
3     Therefore it is now
4     ORDERED that defendants' Second Motion to Compel Discovery (U.S. v Tippens,
5 3:16-cr-05110-RJB (Dkt. 108); U.S. v. Lesan, 3:15-cr-00387-RJB (Dkt. 153); & U.S. v
6 Lorente, 3:15-cr-00274-RJB (Dkt. 170)) is DENIED.
7     DONE this 21st day of November, 2016.

*(signature)*

ROBERT J. BRYAN
United States District Judge

ORDER
(*United States v. Tippens, et al.*) - 3