UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVID TIPPENS,<br><br>                    Defendant. | CASE NO. CR16-5110 RJB<br><br>ORDER ON GOVERNMENT'S MOTION SEEKING CLARIFICATION OF THIS COURT'S ORDER DISMISSING COUNTS 1 AND 3 OF THE SUPERSEDING INDICTMENT |

THIS MATTER comes before the Court on the Government's Motion Seeking Clarification of This Court's Order Dismissing Counts 1 and 3 of the Superseding Indictment. Dkt. 172. On March 15, 2017, the Court orally granted the Government's motion. Dkt. 175. This clarification follows.

The Government frames its request for clarification as a binary choice:

With respect to the Court's order dismissing Counts 1 and 3 of the Superseding Indictment [orally on March 14, 2017] . . . the government seeks clarification on whether the Court's [oral ruling on March 14, 2017, dismissing Counts 1 and 3] was based solely on the documents that the defense presented to the government as possible exhibits after the government had rested its case, or whether the Court has now reconsidered its

November 30, 2016, order denying the defense motion to exclude related discovery surrounding the NIT as a result of these documents.

Dkt. 172 at 1, 2. In fact, the Court based its decision on the record in its entirety, including the prior classified proceedings and the presentation of evidence at trial, but did not reconsider the prior order, which was correct based on the information then before the Court.

In the Court's November 30, 2016, Order on Defendant's Motion to Exclude Evidence, the Court addressed several discovery requests under the Classified Information Procedures Act (CIPA) §§2, 4, 18 U.S.C. App. 3 §§2, 4, including Defendant's request for the opportunity to review the NIT code in its entirety. Dkt. 106 at 18-29. Defendant then theorized that the chance to review the NIT code was relevant and helpful to determine, *inter alia*, whether the NIT code had rendered Defendant's computer and storage devices vulnerable to hacking by a third party that may have "planted" child pornography or compromised computer security settings. *Id.* at 25, 26. The order followed an *ex parte* and *in camera* hearing. *See* Dkt. 86. Applying the three-part test of *Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013), the Court found that although the NIT code was material, the Government did not need to produce the NIT code, because it was classified and not relevant and helpful to the defense. *Id.* at 18-29.

In a Second Motion to Compel Discovery (Dkt. 108), Defendant argued that a "patch" to the Mozilla Firefox browser could have eliminated the vulnerability exploited by the NIT code, thus eliminating the Government's interest in not disclosing the code. The Court construed Defendant's motion as a motion for reconsideration of the Order on Defendant's Motion to Exclude. Dkt. 114 at 2. The Court rejected the argument because, even if Defendant was correct, the NIT code's classified status had not changed, and the Court lacks the authority to re-classify a designation made by the Executive Branch. *Id.* at 2.

ORDER ON GOVERNMENT'S MOTION
SEEKING CLARIFICATION OF THIS COURT'S
ORDER DISMISSING COUNTS 1 AND 3 OF THE
SUPERSEDING INDICTMENT- 2

1    On March 1, 2017, the parties filed a signed stipulation, the Stipulation of the Parties

2 Regarding the NIT and Related Matters. Dkt. 154. The stipulation stated that the NIT was an

3 "exploit" used by the FBI and that "[i]t is possible that an exploit could make temporary or

4 permanent changes to the security settings of a user's computer that could allow someone to

5 subsequently run commands . . . without the user's knowledge." *Id*. at ¶¶4, 6.

6    Ruling on a defense pretrial motion to preclude reference at trial by the Government to

7 the NIT code, on March 3, 2017, the Court orally granted the motion in part, prohibiting the

8 Government from referencing the NIT code in its case in chief. The Government did not take

9 issue with the Court's ruling, but if the Defendant "opened the door," the Government requested

10 permission to present a rebuttal witness, who, the Government maintained, could testify that

11 Defendant's computer and devices showed no signs of being hacked with planted child

12 pornography or modified security settings. Dkt. 158 at 12-15.

13    At trial, the Government proceeded to prosecute Defendant for three child pornography-

14 related charges: Receipt (Count 1), Possession (Count 2), and Transportation (Count 3). Neither

15 party completely refrained from inquiring about third party vulnerabilities. For example, defense

16 counsel asked FBI Agent John Powers whether he agreed with ¶6 of the NIT stipulation (Dkt.

17 154). Draft of Trial Transcript, 3/14/17am, p. 3. The Government asked the same witness about

18 "complicated" timestamps and whether the witness had observed anything in his examination of

19 Defendant's computer and devices that led him to conclude timestamps were inaccurate or

20 tampered with. He had not. *Id*. at p. 39.

21    After the Government rested its case in chief, Defendant disclosed to the Government and

22 the Court proposed exhibits, purportedly from Wikileaks, that Defendant intended to offer to

23 counter allegations of Receipt (Count 1) and Transportation (Count 3). According to Defendant,

24

ORDER ON GOVERNMENT'S MOTION
SEEKING CLARIFICATION OF THIS COURT'S
ORDER DISMISSING COUNTS 1 AND 3 OF THE
SUPERSEDING INDICTMENT- 3

1  the proposed exhibits contained information regarding the Government's ability to hack into a

2  computer without leaving any trace that it had been hacked or that an exploit had been placed on

3  it. The proposed exhibits, Defendant argued, set up the argument that even if Defendant

4  completed a thorough forensic examination of Defendant's computer and devices, Defendant

5  would not be able to determine whether child pornography had been planted or whether security

6  settings had been modified. (Referred to herein as a "hack.") The proposed exhibits, in other

7  words, would directly confront the probative value of the Government's repeated assertion that

8  the computer and devices showed no signs of a third party hack, which proved there was no

9  hack.

10       In response, the Government requested that the proposed exhibits be excluded from trial

11  because of their classified content. The Government also objected to the proposed exhibits based

12  on their late disclosure. Defendant argued that the proposed exhibits, although technically

13  classified, were publicly available on Wikileaks; that the proposed exhibits pointed to

14  misrepresentations by the Government about the NIT code; and that the proposed exhibits

15  included material that should have been provided as discovery. The Court orally granted the

16  Government's request, based on the Government's statement that the proposed exhibits were

17  classified. Defendant was not allowed to offer the proposed exhibits.

18       Following that oral ruling, Defendant made a motion to dismiss Counts 1 and 3 under

19  CIPA §6, 18 U.S.C. App. 3 § 6(e)(2). The Court granted the motion and dismissed both counts.

20                                              * * *

21       CIPA §6 provides:

22       (2) Whenever a defendant is prevented by an order under paragraph (1) from disclosing
         or causing the disclosure of classified information, the court shall dismiss the indictment

23       or information, except that, when the court determines that the interest of justice should
         not be served by dismissal of the indictment or information, the court shall order such

24

1    other action in lieu of dismissing the indictment or information, as the court determines is
     appropriate.  Such action may include, but need not be limited to –

2

3        (A) Dismissing specified counts of the indictment or information;
         (B) Finding against the United States on any issue as to which the excluded classified
             information relates; or

4        (C) Striking or precluding all or part of the testimony of a witness.

5        In support of its dismissal of Counts 1 and 3 under CIPA §6, the Court finds that the

6    interests of justice are served by this dismissal action. At its own peril, the Government elected

7    to prosecute Receipt and Transportation counts partially reliant on evidence of timestamp

8    metadata, while also electing to withhold NIT code and Defendant's proposed exhibits.

9    Withholding the material effectively prevented Defendant from presenting his proposed exhibits

10   in support of Defendant's vulnerability theory, that there was an increased likelihood of a third

11   party hack in the form of planted contraband or modified security settings. Withholding also

12   limited Defendant's ability to attack the Government's long-held position that "reverse

13   engineering" Defendant's computer would reveal that there was no third party attack. *See, e.g.,*

14   Dkt. 58-1 at 5, 6 (declaration of Dr. Brian Levine); Dkt. 102 at 67 (testimony of Dr. Brian

15   Levine); Dkt. 103 at 64, 65 (oral argument). Finally, withholding precluded Defendant from

16   relying on the proposed exhibits to attack the Government's credibility as to representations

17   made at *ex parte* and *in camera* CIPA hearings, and the Court's earlier finding that the NIT code

18   was not "relevant and helpful" to the defense.

19       In other words, the NIT code was material to the defense, and "[i]n cases where the

20   defendant has demonstrated materiality, the district court should not merely defer to government

21   assertions that discovery would be fruitless." *United States v. Budziak*, 697 F.3d 1105, 1112-13

22   (9th Cir. 2012). Defendant should not be required "to rely solely on the government's word that

23

24

ORDER ON GOVERNMENT'S MOTION
SEEKING CLARIFICATION OF THIS COURT'S
ORDER DISMISSING COUNTS 1 AND 3 OF THE
SUPERSEDING INDICTMENT- 5

1  further discovery is unnecessary." *Id*. The interests of justice are served by dismissing Counts 1

2  and 3 under such circumstances.

3       The Government's request for clarification specifically references the Court's November

4  30, 2016, Order on Motion to Exclude Evidence. When considering whether requiring the

5  Government to provide the NIT code would be relevant and helpful to Defendant's  vulnerability

6  theory (Dkt. 106 at 25, 26), the Court rejected Defendant's theory because (1) Defendant had not

7  yet conducted forensic investigation of the computer and storage devices; (2) the Government

8  represented in open court that the portions of the NIT already disclosed would be sufficient to

9  determine the vulnerability (Dkt. 58-1 at 5, 6 (declaration of Dr. Brian Levine); Dkt. 102 at 67

10  (testimony of Dr. Brian Levine); Dkt. 103 at 64, 65 (oral argument)); and (3) Defendant had

11  presented no factual evidence beyond the theoretical in support of his theory. Dkt. 106 at 26.

12       The presuppositions that formed the basis of the Court's pretrial "relevant and helpful"

13  finding, have since been eroded, because (1) Defendant represents that his experts have

14  conducted a forensic investigation insofar as it is possible (Dkt. 102 at 92; Dkt. 164 at 9); (2) the

15  Government may have misstated the relationship of the NIT code to Defendant's vulnerability

16  theory; and (3) Defendant's proposed exhibits at trial may have added to Defendant's otherwise

17  meager showing in support of Defendant's vulnerability theory. By the Government's

18  withholding of the proposed exhibits, Defendant has been prevented from examining into these

19  material issues, which may have strengthened Defendant's argument on reasonable doubt.

20                                    * * *

21       Accordingly, for the reason that the United States has withheld classified material that is

22  material to the defense, the interest of justice required that Counts 1 and 3 be DISMISSED.

23       IT IS SO ORDERED.

24

ORDER ON GOVERNMENT'S MOTION
SEEKING CLARIFICATION OF THIS COURT'S
ORDER DISMISSING COUNTS 1 AND 3 OF THE
SUPERSEDING INDICTMENT- 6

1         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing *pro se* at said party's last known address.

3

4         Dated this 16th day of March, 2017.

5

6

7    ROBERT J. BRYAN
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON GOVERNMENT'S MOTION
SEEKING CLARIFICATION OF THIS COURT'S
ORDER DISMISSING COUNTS 1 AND 3 OF THE
SUPERSEDING INDICTMENT- 7