The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID W. TIPPENS,<br><br>Defendant. | NO. CR16-5110RJB<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

For many years, David Tippens served his country in the United States Army, earning a bronze star for his service. For that, he should be commended. However, he and this community must now confront the fact that for nearly as many years, Tippens harbored a dark and dangerous secret: a longstanding and overwhelming sexual interest to children. By his own admission, he spent years searching for and collecting images and videos of children being raped and tortured so he could gratify his sexual desire. His conduct is reprehensible, and his untreated sexual deviancy makes him a danger. The government urges the Court to sentence him to a term of forty-eight months' imprisonment followed by fifteen years of supervision.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Tippens first came to the attention of the FBI during a largescale child pornography investigation into users of a Tor hidden service known as Playpen. FBI agents identified a user of Playpen who had accessed several posts containing images and

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Tippens*, CR16-5110RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

videos of child sexual assault as Tippens. In February 2016, FBI agents obtained and executed a search warrant at Tippens's University Place, Washington home. When agents entered, Tippens was in his bedroom masturbating to a child rape video that he had playing on a continuous loop.

Tippens spoke to the agents after waiving his constitutional rights and among other things, acknowledged having sought and collected child pornography for years. He told the agents that he regularly viewed and masturbated to videos of children being raped and explained that he had soundproofed his room for just that purpose. Agents seized numerous digital devices, including the device on which he claimed to have stored over a terabyte of child pornography. A forensic examination of those devices confirmed he had numerous images and videos depicting child rape.

Agents arrested Tippens on the day of the search, and he was charged with possession and receipt of child pornography. The Grand Jury subsequently returned a superseding indictment adding one count of transportation of child pornography. After substantial pretrial litigation, Tippens went to trial on all counts on March 13, 2017. The Court ultimately dismissed the receipt and transportation counts and returned a guilty verdict on the possession count.

## II. GUIDELINES RANGE

The government agrees with U.S. Probation's calculation of the applicable sentencing guidelines. With a total offense level 31 and CHC I, the advisory guidelines range is 108-135 months.

//

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Tippens*, CR16-5110RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.   SENTENCING RECOMMENDATION

A sentence of forty-eight months' imprisonment followed by fifteen years of supervision is sufficient but not greater than necessary in light of the factors outlined in 18 U.S.C. § 3553.  The danger Tippens poses is real, and the crime he committed demands serious punishment.  Tippens's history shows that he is not irredeemable and may justify a sentence below the applicable guidelines range, but the harm he has caused and the risk his sexual deviancy poses requires a substantial prison term and lengthy supervision.

#### 1.   Nature and Circumstances of the Offense

Tippens's crime is horrific and perpetuates the abuse of society's most vulnerable members.  He sated his sexual appetite by gathering and consuming material that depends on the rape and torture of children.  The appalling nature of these images and videos and the suffering of the victims is no doubt obvious to the Court.  However, however, Tippens had among his collection some of the most egregious examples of this material—depictions of small children being tied up and raped.  To be sure, Tippens is not directly responsible for that abuse, but he shares fully in perpetuating the victimization of those children.

Indeed, Tippens knew what he was doing was wrong, evidenced by the great lengths to which he went to hide his activities.  He simply did not care to stop.  His attraction to children was so strong that when he found himself with a few minutes on a weekday, he put a video of a small child being raped on a constant loop on his big screen TV and masturbated to it.  That he masturbated to these horrific images does not make this case unique, as many such offenders do.  The available insight into just what a focus of his energy was spent doing so distinguishes this case from others.

#### 2.   History and Characteristics of the Defendant

Tippens's history paints a picture of two men.  One, a man who served his country with distinction and single father of two.  The other, a man with a rapacious sexual appetite for videos and images of child sexual assault.  His military service does him

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Tippens*, CR16-5110RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 great credit, and this conviction will have profound consequences for his family and his
2 future because he will lose valuable military benefits.
3     While these factors may justify a sentence below the applicable guidelines
4 (indeed, they might well be grounds for a departure), the danger his sexual deviancy
5 presents also must not be overlooked. For years, Tippens has concealed his dangerous
6 sexual desires. And still, there is no indication at this point that he has truly accepted
7 responsibility for his crime or began the hard work necessary to confront and control his
8 impulses. Imprisonment and lengthy supervision are not only appropriate but essential.

### 3.   Conclusion Regarding Sentencing Recommendation

Tippens's offense conduct and continued danger warrant incapacitation and supervision. A four-year sentence followed by fifteen years of supervision is reasonable and adequately balances the aggravating and mitigating factors that are present here.

DATED this 19th day of May, 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
GRADY J. LEUPOLD
Assistant United States Attorneys
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-7970
Facsimile: (206) 553-2502
E-mail: Matthew.Hampton@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Tippens*, CR16-5110RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

*s/ Kylie Noble*
KYLIE NOBLE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-2520
FAX:   (206) 553-2502
E-mail: kylie.noble@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Tippens*, CR16-5110RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970